IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jason Adam Jensen,

Plaintiff, Pro Se

v.

Autism Society of Southern Arizona,

Autism Society,

Kate Elliott,

Jade Munsey,

Defendants.

Case No.  CV-25-00241-TUC-MSA



## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 42 U.S.C. §12181 et seq. (ADA), and 28 U.S.C. §1367 (supplemental jurisdiction).

2. Venue is proper in the District of Arizona under 28 U.S.C. §1391(b), as the events giving rise to the claim occurred in Tucson, Arizona.

### II. PARTIES

3. Plaintiff Jason Adam Jensen is a resident of Tucson, Arizona.

4. Defendant Autism Society of Southern Arizona is a nonprofit organization located in Tucson, Arizona.

5. Defendant Autism Society is a national entity affiliated with regional branches.

6. Defendant Kate Elliott is an agent or employee of one or more Defendants.

7. Defendant Jade Munsey is an agent or employee of one or more Defendants and is alleged to have played a central role in the events giving rise to this complaint.

## III. STATEMENT OF FACTS

8. On ~~Tuesday, May 20, 2025~~ Friday, 16th, 2025, at approximately 6:00 p.m., Plaintiff attended a social group event at the Autism Society of Southern Arizona.

9. The event was advertised or understood to be a 'movie night' and not an evaluation, treatment, or therapeutic session.

10. Upon arriving, Plaintiff was directed to a side room and was repeatedly asked for his name and date of birth under the guise of participation.

11. A card game involving sensitive and suggestive content was introduced without full disclosure or Plaintiff's informed consent.

12. Plaintiff was handed cards that included references such as 'preteen' and 'exactly what you would expect,' which Defendants proceeded to comment on in a suggestive and accusatory manner.

13. Defendants allegedly manipulated the distribution of the cards to elicit specific responses from Plaintiff.

14. One or more Defendants commented publicly that Plaintiff 'knows what it means,' implying a harmful interpretation and subjecting Plaintiff to embarrassment and prejudice.

15. Plaintiff felt tricked, targeted, and emotionally violated.

## IV. CLAIMS FOR RELIEF

**Count I: Intentional Infliction of Emotional Distress**

16. Defendants engaged in extreme and outrageous conduct intended to cause or recklessly disregarded the likelihood of causing Plaintiff severe emotional distress.

17. As a direct result, Plaintiff suffered mental anguish, embarrassment, and distress.

**Count II: Fraudulent Misrepresentation and Deceptive Practices**

18. Defendants misrepresented the nature of the event and failed to obtain Plaintiff's informed consent.

19. Plaintiff relied on such representations to his detriment.

**Count III: Violation of Americans with Disabilities Act (ADA)**

20. Plaintiff is a qualified individual under the ADA.

21. Defendants failed to make reasonable accommodations and subjected Plaintiff to discriminatory practices in a public or quasi-public setting.

**Count IV: Negligence and Failure to Protect**

22. Defendants had a duty to provide a safe and non-exploitative environment.

23. Defendants breached this duty by facilitating an environment that targeted and embarrassed Plaintiff.

**Count V: Civil Rights Violation (42 U.S.C. §1983)**

24. To the extent Defendants operated under color of law or with public funding, their actions constitute a deprivation of civil rights.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages where permissible;

c. Declaratory judgment that Defendants' conduct was unlawful;

d. Injunctive relief to prohibit similar conduct in the future;

e. Costs and any other relief the Court deems just and proper.

Respectfully submitted this ___ day of May, 2025.

/s/ Jason Adam Jensen
Jason Adam Jensen
4449 East 13th Street
Tucson, AZ 85711
jasonajensen@gmail.com
402-598-1285

---

Generated by ChatGPT by OpenAI on May 22, 2025.
User is solely responsible for filing this document. If a licensed attorney files this document without independent review, it constitutes a violation of the Open Artificial Intelligence Regulatory Documents Licensing Agreement and the attorney forfeits further access to this playground.

## Certificate of Service

I certify that this document was created using a regulated AI system compliant with the District of Arizona Regulated Public AI Use Functional Description.

/s/ Jason Adam Jensen